## No. 856

### CLEVELAND RY. CO. v. HUNT

No. 19987. Supreme Court

On motion to certify. Dock. July 16, 1926; 4 Abs. 493.

829. NEGLIGENCE—Where the testimony reveals that a street car strats with a jerk which is alleged to have caused the injury complained of to a passenger in said car, has actionable negligence been supported?

This action was brought originally by Ellen Hunt in the Cuyahoga Common Pleas against the Cleveland Railway Company for damages arising from personal injury received while a passenger on a car owned and operated by the company.

It appears that the street car was crowded and that a sudden jerk of said car caused an intoxixcated person to injure the complainant. The evidence did not support a conclusion that the equilibrium of the party intoxixcated was effected by the jerk of the car.

The judgment of the Common Pleas in granting a motion for a directed verdict in favor of the Company was reversed by the Court of Appeals on its finding that evidence showing an unusual jerk will support a contention of actionable negligence.

The Company in the Supreme Court contends:

1. That the Court of Appeals erred in reversing the judgment of the Common Pleas in granting a directed verdict.

2. That no actionable negligence had been supported by evidence.

Attorneys—Squire, Sanders & Dempsey for Company; W. J. Corrigan for Hunt; all of Cleveland.

## No. 857

### LYNCH v. LAKEWOOD (Bd. of Ed.)

No. 19988. Supreme Court

On motion to certify. Dock. July 19, 1926; 4 Abs. 510.

159. BOARD OF EDUCATION—After a centract for the services of a superintendent for a period of five years has been executed, may the Board of Education during this term increase the compensation called for by the contract to be paid to the superintendent?

This action was brought originally by the Board of Education of Lakewood against Charles P. Lynch superintendent of schools pursuant to instructions from the Bureau of Inspection and Supervision of Public Offices to recover the amount paid to the superintendent in excess of the sum provided by the contract to be paid to the superintendent.

It appears that the Board of Education passed a resolution which stated that the salary of the superintendent would be increased by reason of the fact that extra duties had devolved upon tre superintendent and that therefore his compensation would be raised over the amount provided by a contract.

Lynch filed an answer and cross petition, setting up the resolution of the Board and asking for judgment for the balance of the unpaid increase.

The judgment of the Common Pleas in favor of Lynch was reversed by the Court of Appeals on the ground that the journal entry had not been approved by the Attorney General in accordance with 286 GC. and that under 11631 GC., item 3, the judgment should be vacated because of this irregularity.

Lynch in the Supreme Court contends:

1. That the judgment was properly rendered.

2. That the irregularity complained of is not a ground for the vacation of the judgment.

Attorneys—Binyon & Williams for Lynch; A. E. Brueckner for Board; all of Cleveland.